**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Sundell-Bahrd, | No. CV 10-8096-PCT-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Tiffany & Bosco, P.A.; Bank United FSB; Federal Deposit Insurance Corporation; Doe(s), | |
| Defendants. | |

The Court is in receipt of Plaintiff Nancy Sundell-Bahard's Motion for an Order to Cease and Desist Foreclosure Proceedings, (Dkt. #5), and her Expidated [sic] Request to the Court Re: Postponement of Foreclosure. (Dkt. #10). Although neither motion is fashioned as a motion for a temporary restraining order, the court will construe them as such, as both motions request that this court stop a foreclosure sale scheduled for June 24, 2010. After reviewing the pleadings, the Court issues the following Order.

I. BACKGROUND

On June 9, 2010, Plaintiff filed her Complaint, alleging numerous violations of state and criminal law by Defendants stemming from Defendants initiation of non-judicial foreclosure proceedings concerning Plaintiff's property at 3680 West L Bar L Roahd, Prescott, AZ 86305. (Dkt. #1). That same day, Plaintiff also filed her Motion for an Order to Cease and Desist Foreclosure Proceedings, (Dkt. #5). This case, however, was not

assigned to this Court until June 17, 2010. (Dkt. #9). Finally, on June 23, 2010, Defendant filed her Expidated [sic] Request to the Court Re: Postponement of Foreclosure. (Dkt. #10).

## II. DISCUSSION

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. See Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc., 236 F.Supp.2d 1152, 1154 (D.Haw. 2007). Accordingly, a TRO is appropriate where the moving party establishes "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." American Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). The purpose of injunctive relief is to preserve the status quo and prevent the irreparable loss of rights. Textile Unlimited, Inc. v. A..BMH and Co., Inc., 240 F.3d 781, 786 (9th Cir. 2001).

The Court cannot issue a TRO in this case, as this Court's review of Plaintiff's complaint does not suggest she is likely to win on the merits. In her Motion for an Order to Cease and Desist Foreclosure Proceedings, Plaintiff describes the issue in this case as whether "Defendant(s) have any equitable interest in the subject property in order to foreclose." (Dkt. #5, p.2). This description of the main legal issue comports with the factual allegations made in the Complaint, which allege that Defendants did not have the requisite "equity," "interest," or "standing" concerning Plaintiff's promissory mortgage note to initiate non-judicial foreclosure proceedings.[1] Although Plaintiff does not clearly explain what she means by Defendant's allege lack of "equity," "interest," or "standing", it appears to the Court that her legal theory is a verison of the so-called "show-me-the-note theory," which posits that only the holder of an original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure.[2]

---

[1] The other accusations Plaintiff makes against Defendants all stem from this lack-of-equity argument.

[2] In reaching this conclusion, the Court must rely on Plaintiff's Complaint, as the instant motions do not make argument, but merely refer the Court to the Complaint. As for

- 2 -

The show-me-the-note theory, however, is not viable. Under Arizona law, "[u]nlike their judicial foreclosure cousins that involve the court, deed of trust sales are conducted on a contract theory under the power of sale authority of the trustee." In re Krohn, 52 P.3d 774, 777 (Ariz. 2002). "[A] power of sale is conferred upon the trustee of a trust deed under which the trust property may be sold . . . after a breach or default in performance of the contract or contracts, for which the trust property is conveyed as security . . .." A.R.S. § 33-807(A). The Arizona statutes governing the sale of foreclosed property through a trustee's sale do not specifically require that the foreclosing party produce a physical copy of the original promissary note. Like most states, Arizona has adopted the U.C.C.. The U.C.C., among other things, governs the enforcement of negotiable instruments, providing that "'[p]erson[s] entitled to enforce' an instrument include the holder of the instrument, a nonholder in possession of the instrument who has the rights of a holder or a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 47-3309 [because the note is lost or destroyed]." A.R.S. § 47-3301. There is very little case law on the issue of whether the U.C.C. has any applicability in the context of non-judicial trustee sales or foreclosures in Arizona. The only courts that have addressed this issue are federal courts within the District of Arizona; neither the Arizona Court of Appeals, nor the Arizona Supreme Court have weighed in on the issue. When addressing the applicability of the UCC to foreclosure sales, courts within the District of Arizona "have routinely held that [a plaintiff's] 'show me the note' argument lacks merit." Diessner v. Mortgage Elec. Registration Sys., 618 F. Supp. 2d 1184, 1187-88 (D. Ariz. 2009) (quoting Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009)). As such, Plaintiff has not demonstrated a likelihood of success on the merits, as her legal theory is not

---

the Complaint, the Court notes that it is unnecessarily long, unwieldy, often difficult to comprehend, and contains very few factual allegations, most of which veer closer to argument. In fact, the majority of the Complaint is nothing more than block quotations of federal and Arizona statutes Plaintiff believes Defendants violated, but without reference to facts demonstrating any such violation.

- 3 -

one on which relief can be granted.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for an Order to Cease and Desist Foreclosure Proceedings. (Dkt. #5).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Expidated [sic] Request to the Court Re: Postponement of Foreclosure. (Dkt. #10).

DATED this 23rd day of June, 2010.

_____
Mary H. Murguia
United States District Judge