**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NANCY SUNDELL-BAHRD, | No. CV 10-8096-PCT-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| BANK UNITED FSB, et al., | |
| Defendant. | |

Currently before the Court are Plaintiff's Motion for a Court Order for Money Damages for Prohibited Activities, (Doc. 6), and Motion for Debt Collector Moving an Unauthorized Practice of Law (Summary Judgment), (Doc. 15); and Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment, (Doc. 17), and Motion for Leave to Attach Exhibits A Through D to Motion to Dismiss. (Doc. 18).

**I.     PENDING MOTIONS**

Plaintiff's first motion, filed June 9, 2010, asks this Court order damages based upon the alleged illegal activities of the Defendants. The Court must deny this motion as both improper and moot. The proper place for Plaintiff to request relief, including damages, is in her Complaint, not by separate motion. Accordingly, this Motion is improper and must be denied as such. Additionally, the Court notes that on July 23, 2010, Plaintiff filed her First Amended Complaint. (Doc. 14). Even had this Court been inclined to read Plaintiff's

motion for damages in conjunction with her Complaint, its ability to do so as been mooted by the filing of the First Amended Complaint. The motion is denied.

Plaintiff has also filed a Motion entitled Motion for Debt Collector Moving an Unauthorized Practice of Law (Summary Judgment). This motion is both labeled as and appears to be a motion for summary judgment, as it asks this Court to summarily decide that Defendants have committed fraud. In response, Defendants have filed a motion asking this Court to strike Plaintiff's summary judgment motion, arguing that it does not comply with LRCiv 56, which governs motions for summary judgment. Defendants are correct. Rule 56 requires that "[a]ny party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth the material fact on which the party relies in support of the motion." Plaintiff has not filed the required statement of facts, let alone provided this Court with any other discovery materials or affidavits from this Court might be able to determine "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c)(2). Accordingly, Defendants' Motion to Strike is granted.

Finally, in filing their pending Motion to Dismiss, (Doc. 16), Defendants neglected to attach the exhibits on which that motion relies. Accordingly, they have filed the instant Motion for Leave to Attach Exhibits A Through D to Motion to Dismiss. Finding good cause therein, the Court will grant Defendants' motion. The missing, exhibits, which have been attached to Defendants Motion for Leave to Attach, shall be used in this Court's consideration of Defendants' Motion to Dismiss. Defendants do not need to re-file the exhibits.

## II.     RULE 7.2(i) CAUTIONARY NOTICE

As a result of this Order, the only outstanding motion in this case is Defendants' Motion to Dismiss, which was filed August 27, 2010. As of this date, Plaintiff has not filed a response to the motion. LRCiv 7.2(i) states in relevant part: "[I]f the opposing party does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the

1  motion summarily." See also Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994). Plaintiff
2  should take notice that failure to respond to the Defendants' Motion by the deadline set forth
3  in this Order will result in the Court deeming the Defendants' Motion as being unopposed
4  and consented to by the Plaintiff. See Brydges, 18 F.3d at 652 (affirming the district court's
5  summary granting of a motion for summary judgment under LRCiv 7.2(i) when non-moving
6  party was given express warning of consequences of failing to respond). Accordingly, the
7  Court will give Plaintiff until close of business on Monday December 13, 2010, to file a
8  responsive memorandum. Should she fail to do so, Defendants' Motion to Dismiss will be
9  summarily granted and this case will be closed.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for a Court Order for Money Damages for Prohibited Activities. (Doc. 6).

**IT IS FURTHER ORDERED** granting Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment. (Doc. 17).

**IT IS FURTHER ORDERED** granting Defendants' Motion for Leave to Attach Exhibits A Through D to Motion to Dismiss. (Doc. 18).

**IT IS FURTHER ORDERED** that Plaintiff must file a response to Defendants' Motion to Dismiss no later than close of business on Monday December 13, 2010. Failure to comply with this deadline will result in the summary granting of Defendants' motion pursuant to LRCiv 7.2(i)

DATED this 30th day of November, 2010.

_____
Mary H. Murguia
United States District Judge